IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GHASSAN SHAHIN AND
JAROSLAVA SHAHIN,                                       CASE NO.:

    Plaintiffs,

vs.

AMERICAN EXPRESS BANK, FSB;
GC SERVICES, LP; NATIONWIDE
CREDIT, INC. and CENTRAL CREDIT
SERVICES, LLC,                                          DEMAND FOR JURY TRIAL

    Defendants,
_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiffs, GHASSAN SHAHIN AND JAROSLAVA SHAHIN (hereafter "Plaintiffs"), by and through undersigned counsel, and hereby sue Defendants, AMERICAN EXPRESS BANK, FSB (hereafter "AmEx"); GC SERVICES, LP (hereafter "GC Services"); NATIONWIDE CREDIT, Inc. (hereafter "Nationwide"), and CENTRAL CREDIT SERVICES, LLC (hereafter "Central Credit") (collectively the "Defendants"), and state as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## JURISDICTION AND VENUE

1.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiffs reside in this District, the phone calls were received in this District, and Defendants transact business in this District.

**FACTUAL ALLEGATIONS**

4. Plaintiffs are individuals residing in Pinellas County, Florida.

5. Defendant, AmEx, is a nationally chartered bank authorized to engage in business in the State of Florida.

6. Defendant, GC Services, is a foreign limited partnership with headquarters located at 6330 Gulfton Street, Suite 300, Houston, TX 77081.

7. Defendant, Nationwide, is a foreign profit corporation as registered with the Florida Department of State Division of Corporations.

8. Defendant, Central Credit, is a Florida limited liability company as registered with the Florida Department of State Division of Corporations.

9. The conduct of Defendants, which gives rise to the cause of action herein alleged, occurred in this District, Pinellas County, Florida, by the Defendants placing of telephone calls to Plaintiffs' cellular telephones in an attempt to collect a debt.

10. Defendants, at all material times, were attempting to collect a debt relating to an American Express Simply Cash Business Credit Card, Account No. ending in –1007.

11. In October 2014, Plaintiffs received a phone call from Defendants to collect a debt. During the telephone call, Plaintiffs advised Defendants to stop calling their cellular telephones.

12. Plaintiffs revoked any prior express consent to contact Plaintiffs via cell phone or any other form of communication in October 2014, when Plaintiffs verbally advised Defendants to stop calling their cellular telephones.

13. Plaintiffs continuously advised Defendants to stop calling their cellular telephones and directed Defendants to contact their attorney and provided contact information for undersigned counsel.

14. Plaintiff, GHASSAN SHAHIN, is the regular user and carrier of the cellular telephone number ending in -0524 and was the called party and recipient of Defendants' automatic telephone dialing system and/or artificial or prerecorded voice.

15. Plaintiff, GHASSAN SHAHIN, is the regular user and carrier of the cellular telephone number ending in -0344 and was the called party and recipient of Defendants' automatic telephone dialing system and/or artificial or prerecorded voice.

16. Plaintiff, JAROSLAVA SHAHIN, is the regular user and carrier of the cellular telephone number ending in -5605 and was the called party and recipient of Defendants' automatic telephone dialing system and/or artificial or prerecorded voice.

17. Defendants knowingly and/or willfully called Plaintiffs' cellular telephones after Defendants had unequivocal notice from Plaintiffs to cease any and all calls and after Plaintiffs withdrew any prior consent or permission to be contacted in October 2014.

18. Defendants knowingly and/or willfully harassed and abused Plaintiffs by calling Plaintiffs' cellular telephones after Defendants had unequivocal notice from Plaintiffs to cease any and all calls.

19. Defendant, AmEx used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff, GHASSAN SHAHIN'S cellular telephone on the following dates and times listed on the call logs of Plaintiff, GHASSAN SHAHIN attached as Exhibit "A."

20. Defendant, GC Services, used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff, JAROSLAVA SHAHIN'S cellular telephone on the following dates and times listed on the call logs of Plaintiff, JAROSLAVA SHAHIN attached as Exhibit "B."

21. Defendant, GC Services, used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff, GHASSAN SHAHIN'S cellular telephones on the following dates and times listed on the call logs of Plaintiff, GHASSAN SHAHIN attached as Exhibit "C."

22. Defendant, Nationwide, used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff, GHASSAN SHAHIN'S cellular telephone on the following dates and times listed on the call logs of Plaintiff, GHASSAN SHAHIN'S attached as Exhibit "D."

23. Defendant, Central Credit, used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff, GHASSAN SHAHIN'S cellular telephones on the following dates and times listed on the call logs of Plaintiff, GHASSAN SHAHIN'S attached as Exhibit "E."

24. Defendant, Central Credit, used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff, JAROSLAVA SHAHIN'S

cellular telephone on the following dates and times listed on the call logs of Plaintiff, JAROSLAVA SHAHIN attached as Exhibit "F."

25. Defendants placed calls to Plaintiffs' cellular telephones that included delays in time before the telephone call was transferred to a representative to speak.

26. Defendants left messages on Plaintiffs' cellular telephones that started with a delay in time before the representative joined the line to leave a message.

27. Some of the voicemail messages received by Plaintiffs on their cellular telephones from Defendants sounded like an artificial or pre-recorded voice requesting a return call from Plaintiffs.

28. Plaintiffs did not speak with a live representative during any of the phone calls because they were all made by Defendants using an artificial or pre-recorded voice.

29. Plaintiffs' attorney did not fail to respond within a reasonable period of time to any communication from Defendants, did not consent to Defendant's direct communication with Plaintiffs, and Plaintiffs did not initiate any communications.

30. The calls from Defendants to Plaintiffs' cellular telephones continued despite Plaintiffs expressly revoking their consent.

31. None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

32. None of Defendant's telephone calls placed to Plaintiffs were made with Plaintiffs' "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

33. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

**COUNT I**
**VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**
**(PLAINTIFFS V. AMERICAN EXPRESS)**

34. Plaintiffs incorporate all allegations in paragraphs 1-33 as if stated fully herein.

35. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

36. Defendant, AmEx, used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephones.

37. Defendant, AmEx, independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant, AmEx, placed to Plaintiffs' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

38. The phone calls made by Defendant, AmEx, are considered willing and knowing violations of the TCPA, as Defendant, AmEx, is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, GHASSAN SHAHIN AND JAROSLAVA SHAHIN, demand judgment against Defendant, AMERICAN EXPRESS, for the following relief:

 a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after October 2014;

 b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

 c. any other relief the Court deems just and proper.

**COUNT II**
**VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**
**(PLAINTIFFS V. GC SERVICES)**

39. Plaintiffs incorporate all allegations in paragraphs 1-33 as if stated fully herein.

40.    Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

41.    Defendant, GC Services, used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephones.

42.    Defendant, GC Services, independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant, GC Services, placed to Plaintiffs' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

43.    The phone calls made by Defendant, GS Services, are considered willing and knowing violations of the TCPA, as Defendant, GC Services, is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, GHASSAN SHAHIN AND JAROSLAVA SHAHIN, demand judgment against Defendant, GS SERVICES, for the following relief:

    a.    statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after October 2014;

    b.    an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

    c.    any other relief the Court deems just and proper.

### COUNT III
### VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (PLAINTIFFS V. NATIONWIDE CREDIT)

44.    Plaintiffs incorporate all allegations in paragraphs 1-33 as if stated fully herein.

45.    Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

46. Defendant, Nationwide, used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephones.

47. Defendant, Nationwide, independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant, Nationwide, placed to Plaintiffs' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

48. The phone calls made by Defendant, Nationwide, are considered willing and knowing violations of the TCPA, as Defendant, Nationwide, is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, GHASSAN SHAHIN AND JAROSLAVA SHAHIN, demand judgment against Defendant, NATIONWIDE CREDIT, for the following relief:

   a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after October 2014;

   b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

   c. any other relief the Court deems just and proper.

### COUNT IV
### VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (PLAINTIFFS V. CENTRAL CREDIT SERVICES)

49. Plaintiffs incorporate all allegations in paragraphs 1-33 as if stated fully herein.

50. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

51. Defendant, Central Credit, used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephones.

52. Defendant, Central Credit, independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant, Central Credit, placed to Plaintiffs' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

53. The phone calls made by Defendant, Central Credit, are considered willing and knowing violations of the TCPA, as Defendant, Central Credit, is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, GHASSAN SHAHIN AND JAROSLAVA SHAHIN, demand judgment against Defendant, CENTRAL CREDIT SERVICES, for the following relief:

   a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after October 2014;

   b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

   c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____          _____
GHASSAN SHAHIN                                              JAROSLAVA SHAHIN

STATE OF FLORIDA
COUNTY OF __Pinellas__

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this __12th__ day of __October__, 2016, by GHASSAN SHAHIN AND JAROSLAVA SHAHIN, who is personally known to me or who produced __FL DL__ as identification and who did take an oath.

_____
Signature of Notary Public
Print, Type, Stamp Name of Notary

CHRISTINE M. GUZMAN
MY COMMISSION # FF 028688
EXPIRES: August 3, 2017
Bonded Thru Budget Notary Services

Date: October 13, 2016                    **BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiffs**

10